# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

BRIAN BORENSTEIN,

    Plaintiff,

v.

NELLIS GARDEN,

    Defendant.

Case No. 2:19-cv-00482-RFB-NJK

**ORDER**

Before the Court is Plaintiff Brian Borenstein's Application for Leave to Proceed *in forma pauperis* (ECF No. 4), Plaintiff's Motion to Set Aside Ruling (ECF No. 5), and Plaintiff's Motion for Temporary Restraining Order (ECF No. 6). Plaintiff alleges that he is being evicted by Defendant Nellis Gardens Apartments because he is disabled and has a service dog. For the reasons below, the Court grants Plaintiff's *in forma pauperis* application and issues a temporary restraining order staying Plaintiff's eviction and requiring the immediate restoration of Plaintiff's electricity.

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed a complaint and application for leave to proceed *in forma pauperis* on March 21, 2019. ECF No. 1. On March 22, 2019, the Court denied the application because Plaintiff had failed to specify the amount of his medical expenses and debts. ECF No. 3. Plaintiff filed a second application on April 4, 2019 including his outstanding medical debt. ECF No. 4. Because Plaintiff has resolved the identified deficiency, the Court now grants the application.

/ / /

/ / /

On April 4, 2019, Plaintiff also filed the instant Motion to Set Aside Ruling Justice Court Case No. 19EN00790. ECF No. 5. On April 10, 2019, Plaintiff filed the instant Motion for Temporary Restraining Order.

## II. FACTUAL FINDINGS

The Court makes the following factual findings based upon the allegations in Plaintiff's complaint and pending motions. ECF Nos. 1-1, 5, 6.

Plaintiff resides at 4255 North Nellis Boulevard, Unit 1008, Las Vegas, Nevada 89115. Plaintiff is a disabled person who sought permission to obtain, and obtained, a service dog in January 2019. Plaintiff's landlord has been discriminatorily abusing and threatening him since he received his service dog. Plaintiff filed a complaint with the housing authority.

In February, Plaintiff received a fake and retaliatory eviction notice. Plaintiff has since been harassed with threats of bodily injury and threats to kill his service dog.

In March 2019, Defendant initiated an unlawful detainer action against Plaintiff in state court. On April 1, 2019, the state court issued an Order for Summary Eviction.

Plaintiff alleges that the eviction is unlawful because it is based on his utilization of a service dog for his disability. Plaintiff has offered to pay rent but has been refused. Defendant has recently shut off Plaintiff's electricity, putting Plaintiff's life in danger because he depends on a breathing machine.

## III. LEGAL STANDARD

### a. Preliminary Injunction

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. <u>Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely

suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

## IV. DISCUSSION

For the following reasons, the Court finds that Plaintiff has satisfied the factors to support the issuance of a temporary restraining order. Though the Court temporarily forbids Defendant from pursuing Plaintiff's eviction, the Court defers ruling on Plaintiff's Motion to Set Aside Ruling.

### a. Serious Questions

Plaintiff raises serious questions going to the merits of his claims. Plaintiff is being evicted from his home because of his utilization of a service animal. Unlawful discrimination pursuant to the Fair Housing Act ("FHA") includes a housing provider's "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). A plaintiff must prove five elements to prevail on an FHA reasonable accommodation claim under § 3604(f)(3)(B): "(1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179

(9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1216 (2007). Furthermore, the Fair Housing Amendments Act of 1988 ("FHAA") impose "an affirmative duty upon landlords reasonably to accommodate the needs of handicapped person." United States v. California Mobile Home Park Mgmt. Co., 29 F.3d 1413, 1416 (9th Cir. 1994).

Here, Plaintiff is disabled, and Defendant has been harassing and threatening him on the basis of his service dog. Plaintiff sought permission for the dog and filed a complaint with the housing authority, which supports a finding that Defendant was aware of Plaintiff's handicap. The findings additionally support that the service dog is necessary for accommodation of Plaintiff's handicap and that the accommodation is reasonable. See Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1257 (D. Haw. 2003), aff'd sub nom. Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175 (9th Cir. 2006) ("In most circumstances, waiving a no-pet rule to allow a disabled resident the assistance of a service animal is a reasonable accommodation."). Defendant is not only refusing to accommodate Plaintiff's service dog but is refusing to accept Plaintiff's rent and is evicting him on this basis. The Court finds that Plaintiff's allegations therefore raise serious questions, if not demonstrate a likelihood of success on the merits, as to all five elements of a meritorious FHA claim.

      b. **Irreparable Harm**

An Order for Summary Eviction has been entered in state court. Plaintiff's electricity has been discontinued, putting his life in danger because he depends on a breathing machine. The Court finds that, absent injunctive relief, Plaintiff will lose his residence and potentially suffer irreparable harm to his health.

      c. **Balance of Equities**

Pursuant to the standard required under the "serious questions" test, the Court finds that the balance of hardships tips strongly in Plaintiff's favor. Plaintiff risks homelessness and dire consequences to his health if the allegedly unlawful eviction proceeds. The burden on Defendant to forestall the eviction for up to two weeks is comparably *de minimis*.

      d. **Public Interest**

The Court also finds that the public interest favors Plaintiff. The public has a strong interest

in the preservation of a disabled individual's rights pursuant to the Fair Housing Act and in the prevention of a potentially unlawful eviction rendering a disabled individual homeless.

V.  **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 4) is GRANTED. The Clerk of Court is instructed to file the Complaint at ECF No. 1-1.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 6) is GRANTED. The Court orders that Defendant may not evict Plaintiff pending a hearing before this Court and that Defendant restore electricity to Plaintiff's unit immediately.

**IT IS FURTHER ORDERED** that the Court of Court serve Defendant with the Complaint (ECF No. 1-1), the Motion to Set Aside Ruling (ECF No. 5), and the Motion for Temporary Restraining Order (ECF No. 6) at 4255 North Nellis Boulevard, Las Vegas, Nevada 89115 and at info@nellisgardensapts.com.

**IT IS FURTHER ORDERED** that a hearing is set for April 22, 2019 at 9:00 AM in LV Courtroom 7C.

DATED: April 10, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**