# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN BORENSTEIN, | Case No. 2:19-cv-00482-RFB-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| NELLIS GARDEN, | |
| Defendant. | |

In the instant action, Plaintiff alleges that he is being evicted by Defendant Nellis Gardens Apartments because he is disabled and has a service dog. On April 10, 2019, the Court found that Plaintiff had satisfied the standard for a temporary restraining order. The Court ordered that Defendant could not evict Plaintiff pending a hearing and that Defendant must restore electricity to Plaintiff's unit immediately.

The Court received *ex parte* communications from Plaintiff on April 15, 2019 and April 16, 2019 communicating that Defendant refuses to reinstate electricity and is proceeding to evict Plaintiff in knowing violation of this Court's order. The Plaintiff has further alleged that Defendant has been made aware of and received this Court's Temporary Restraining Order and that Defendant indicated that it would not abide by this Court's order. The Court finds Plaintiff's communications to be credible and finds that Defendant is in contempt of the Court's April 10, 2019 Temporary Restraining Order.[1]

"The district court has the inherent authority to impose sanctions for bad faith, which

---

[1] To the extent it was not clear in the Court's April 10 Order, the Court finds that Plaintiff need not post any security for the Temporary Restraining Order or this Order as the equities in this case and the merits do not require such security at this time.

includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). Pursuant to the Local Rules, the Court may "impose any and all appropriate sanctions" and a party that fails to comply with a Court's order, "after notice and an opportunity to be heard." LR IA 11-8. The Court finds that Defendant has demonstrated bad faith in its knowing refusal to comply with this Court's Temporary Restraining Order. The Court provides the Defendant with notice pursuant to this order and allows the Defendant until 3:00 pm on April 18, 2019 to establish compliance with this Court's Temporary Restraining Order. Absent such a showing by 3:00 pm on April 18, 2019, the Court will impose a monetary sanction of $1,000 per day for every day that Defendant fails to restore electricity to Plaintiff's residence. Moreover, if Plaintiff's electricity is not restored by the hearing scheduled for April 22, 2019, the Court will consider ordering the arrest of any individuals knowingly engaged in contempt of the Court's order until there is compliance with the Court's order.

**IT IS THEREFORE ORDERED** that Defendant demonstrate its compliance with the Court's Order by 3:00 pm on April 18, 2019. Absent such a showing, the Court will begin to impose monetary sanctions on Defendant in the amount of $1,000 per day for every day that Defendant fails to restore electricity to Plaintiff's residence.

**IT IS FURTHER ORDERED** that the Clerk of Court serve Defendant with the instant order at 4255 North Nellis Boulevard, Las Vegas, Nevada 89115 and at info@nellisgardensapts.com.

**IT IS FURTHER ORDERED** that Plaintiff is referred to the pro bono program for the limited purpose of representation at the hearing scheduled for April 22, 2019.

DATED: April 16, 2019.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**