1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                           **DISTRICT OF NEVADA**
6                                    * * *
7   BRIAN BORENSTEIN,                            Case No. 2:19-cv-00482-RFB-NJK
8            Plaintiff,
                                                        **ORDER**
9       v.
10  NELLIS GARDEN,
11           Defendant.
12
13      Because the Court is Plaintiff Brian Borenstein's Plaintiff's Motion to Set Aside Ruling.
14  ECF No. 5. Plaintiff alleges that he is being evicted by Defendant Nellis Gardens Apartments
15  because he is disabled and has a service dog. The Court issued a Temporary Restraining Order
16  which expires May 8, 2019. ECF Nos. 6, 7, 14. For the reasons below, the Court denies Plaintiff's
17  Motion to Set Aside Ruling and declines to order ongoing preliminary relief.
18
19  **I.    PROCEDURAL BACKGROUND**
20      Plaintiff filed a complaint and application for leave to proceed *in forma pauperis* on March
21  21, 2019. ECF No. 1. On April 4, 2019, Plaintiff filed the instant Motion to Set Aside Ruling,
22  seeking to set aside an eviction order issued by the state Justice Court. ECF No. 5.
23      On April 10, 2019, Plaintiff filed a Motion for Temporary Restraining Order. ECF No. 6.
24  The Court granted leave to proceed *in forma pauperis* and issued a Temporary Restraining Order.
25  ECF No. 7. Based on Plaintiff's allegations that Defendant was evicting Plaintiff on the basis of
26  his service dog, the Court found that Plaintiff raised serious questions as to the merits of his Fair
27  Housing Act claim. The Court also found that the discontinuation of electricity to Plaintiff's
28

residence created a likelihood of irreparable harm due to Plaintiff's dependence on a breathing machine.

On April 16, 2019, the Court appointed pro bono counsel Joseph Mott to represent Plaintiff as to the Temporary Restraining Order and any possible preliminary injunction. ECF No. 10.

The Court held a hearing on April 22, 2019. ECF No. 14. The Court heard both parties' representations regarding Plaintiff's service dog. The Court extended the Temporary Restraining Order through May 8, 2019 pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure and ordered that Plaintiff ensure his service dog is muzzled while outside for the duration of the restraining order.

On May 1, 2019, Defendant filed its Response to Plaintiff's Motion to Set Aside. ECF No. 15. On May 3, 2019, Plaintiff filed his Reply. ECF No. 16.

On May 6, 2019, the Court held a hearing regarding the need for any ongoing preliminary injunctive relief. ECF No. 17. The Court now denies the Motion to Set Aside and finds that no ongoing preliminary injunctive relief is merited at this time.

## II.    FACTUAL FINDINGS[1]

The Court makes the following factual findings. To the extent these findings contradict the Court's findings in its April 10, 2019 order, the Court instead adopts its instant findings below on the basis of the now-developed record.

Plaintiff resides at 4255 North Nellis Boulevard, Unit 1008, Las Vegas, Nevada 89115, a property owned and managed by Defendant. Plaintiff is a disabled person who utilizes a service dog, which Defendant previously accommodated for several months without incident. Plaintiff's former service dog passed away in approximately December 2018, and Plaintiff acquired a new service dog in approximately January 2019. Plaintiff obtained the same breed and called his new dog by the same name as his previous dog.

---

[1] The Court notes that these findings are meant to apply to the instant motion <u>only</u> and should not be construed as extending to any other motions or unresolved issues in this case.

Plaintiff's new dog possesses an aggressive temperament and has caused problems in the Nellis Gardens residential community. Plaintiff's dog has lunged at residents, chased children and dogs, and bitten at least one other dog. Several residents in the complex are afraid of Plaintiff's dog dues to its aggressive demeanor. Defendant has repeatedly requested that Plaintiff muzzle the dog and Plaintiff has repeatedly failed to do so.

In February 2019, Defendant initiated eviction proceedings on the basis of Plaintiff's failure to control his new dog. Defendant did not initiate these proceedings on the basis of Plaintiff's disability status or his use of a service dog generally.

On April 22, 2019, in light of Defendant's representations that Plaintiff's dog was dangerous, the Court ordered Plaintiff to muzzle the dog while outside through the duration of the Temporary Restraining Order. ECF No. 14. Plaintiff represented at the hearing that he could and would obtain and use a muzzle. Since the issuance of this order, Plaintiff has taken his dog outside without the use of a muzzle. Plaintiff acknowledges that he has failed to comply with the Court's order.

### III. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised

and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134–35 (citation omitted).

**IV. DISCUSSION**

In light of the Court's findings regarding the aggressive behavior and temperament of Plaintiff's dog, the Court now finds that Plaintiff has not raised serious questions going to the merits of his claims. Pursuant to the Fair Housing Act, a housing provider must make "reasonable accommodations" to afford a handicapped person "equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). In most circumstances, permitting use of a service dog in a residence is a reasonable accommodation. However, the Court finds that it is not reasonable to require Defendant to accommodate a service dog that displays aggressive and dangerous behavior towards Defendant's other tenants. See e.g., Roberts v. Veterans Vill. Enterprises, Inc., No. 17CV524-LAB (MDD), 2017 WL 1063477, at *5 (S.D. Cal. Mar. 20, 2017) (finding that allowance of an aggressive or uncontrolled service dog is an unreasonable accommodation).

Because Plaintiff does not raise serious questions going to the merits pursuant to the record as developed, the Court declines to impose any ongoing preliminary injunctive relief. At this point in time, no protective order from this Court prevents Defendant from evicting Plaintiff. The Court finds no basis to set aside the Justice Court's ruling in Case No. 19EN00790 and therefore denies Plaintiff's Motion to Set Aside Ruling.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Set Aside Ruling (ECF No. 5) is DENIED.

**IT IS FURTHER ORDERED** that Court's Temporary Restraining Order (ECF Nos. 7, 14) has expired and no ongoing preliminary relief is awarded.

/ / /

/ /

/ / /

**IT IS FURTHER ORDERED** that Joseph Mott, attorney for Plaintiff, is now discharged from his representation of Plaintiff in this matter.

DATED: May 9, 2019.

**RICHARD F. BOULWARE, II**
**United States District Judge**