# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN BORENSTEIN,<br><br>             Plaintiff,<br><br>v.<br><br>NELLIS GARDEN,<br><br>             Defendant. | Case No. 2:19-cv-00482-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

On April 8, 2020, the Clerk's Office sent Plaintiff a notice of intent to dismiss this action pursuant to Local Rule 41-1 because it had been pending for more than 270 days without any proceedings having taken place. Docket No. 19. The Clerk's Office cautioned Plaintiff that, if no action is taken in this case by May 8, 2020, the Court will enter an order of dismissal for failure to prosecute his claims. *Id.* The Clerk's Office notice was returned as undeliverable to Plaintiff's listed address. Docket No. 20.

A *pro se* party's failure to file with the Court written notification of any change of mailing address "may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. Further, "[f]ederal courts have the authority to dismiss a plaintiff's action for failure to prosecute." *Fresquez v. Nationstar Mortgage, LLC*, 2017 WL 2880402, at *3 (D. Nev. July 5, 2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). For over one year, Plaintiff has failed to notify the Court of a change in his mailing address and no proceedings have taken place during this period.

Accordingly, **IT IS RECOMMENDED** that this case be closed.

Dated: August 3, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

1


**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).